

# The Attorney General of Texas

May 29, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Senate Committee on Jurisprudence
Texas Senate, State Capitol
Austin, Texas 78711

Opinion No. MW-345

Re: Constitutionality of
House Bill 733

Dear Senator Mauzy:

On April 21, 1981, we issued Attorney General Opinion MW-326 (1981), which upheld as constitutional the provisions of House Bill 733, pending before the 67th Legislature. You now ask a number of further questions regarding this legislation.

In Attorney General Opinion MW-326, we said that "House Bill 733, as amended, has been upheld in all respects by the only federal appellate court which has considered the matter." Although the bill itself was of course not before the court in Record Revolution No. 6, Inc. v. City of Parma, 638 F. 2d 916 (6th Cir., 1980), each provision of the bill to which a constitutional objection might reasonably be raised was considered and upheld by the court. Thus, we believe it is fair to infer from the decision that each provision of House Bill 733 has been upheld by the Court of Appeals for the Sixth Circuit.

You ask whether House Bill 733 as presented to us provides sufficient guidelines to prevent selective discriminatory enforcement. Although the court in Record Revolution No. 6, Inc. v. City of Parma, supra, recognized the possibility of discriminatory enforcement of this kind of legislation, it declined to hold the ordinance unconstitutional on this ground. 638 F. 2d, at 931. Rather, it held invalid the definition of "drug paraphernalia" on the basis of the vagueness and overbreadth of the "designed for use" standard, a standard which has been omitted from the present version of House Bill 733.

Furthermore, both the court's decision in City of Parma, and Attorney General Opinion MW-326 uphold only the facial constitutionality of various provisions of the ordinance and House Bill 733, respectively. It is well established that the constitutionality of a statute will not be measured by some possible future application thereof. Solesbee v. Balkcom, 339 U.S. 9, 11 (1950). In Joseph E. Seagram & Sons, Inc. v. Hostetter, 384 U.S. 35 (1966), the Supreme Court said that where a statute not yet in effect is attacked on constitutional grounds, its facial constitutionality is the only relevant inquiry. 384 U.S. at 41.

You also ask whether two of the evidentiary rules contained in House Bill 733, specifically items (9) and (10) in section 5.15, might promote selective discriminatory enforcement by suggesting to law enforcement officials that "only businesses which sell prohibited items in certain quantities, such as 'head shops,' should be prosecuted." The court in City of Parma rejected the contention that any of the evidentiary rules [there called "logically relevant factors"] present in House Bill 733 are facially unconstitutional. 638 F. 2d at 934. Rather, the court recognized that the list of evidentiary rules does not supersede state rules of evidence and that state law naturally incorporates principles of due process. In our opinion, a court would similarly construe the evidentiary rules of House Bill 733 to conform to state evidentiary rules and to principles of due process.

You also question item (1) of section 5.15 of the evidentiary rules. In City of Parma, the court affirmed that "guilt must be based on personal action, statements, or knowledge, not on association with other persons suspected of criminal conduct." 638 F. 2d at 933. As we have previously noted, however, the evidentiary rules in themselves incorporate state rules of evidence and principles of due process. For this reason, the court declined to declare any of the rules similar to those present in House Bill 733 to be facially unconstitutional. We believe that a court would construe the evidentiary rules of House Bill 733 in a similar manner, and thus, uphold their facial constitutionality. Also, as we have indicated, the question of unconstitutional enforcement is not a proper inquiry here.

You ask whether the "should reasonably know" standard in item (5) of the evidentiary rules renders this factor unconstitutional. The court in City of Parma rejected the "reason to know" standard as vague and overbroad in defining the prohibited conduct. 638 F. 2d, at 935-36. The court did not reject the standard as part of the evidentiary rules, because, as we have noted, it presumed that state rules of evidence and principles of due process would temper the construction of the evidentiary rules. Id. at 933-34.

Finally, you ask us to consider House Bill 733 in light of David Clark v. City of Irving, presently pending in the United States District Court, Northern District of Texas, and three cases, pending in federal district court in Oklahoma, which challenge the validity of recently enacted drug paraphernalia legislation in that state. We understand that plaintiffs have taken a voluntary nonsuit in the City of Irving case, and as of this date, none of the courts in the Oklahoma cases have rendered a decision on the merits. In any event, the Oklahoma statute at issue differs substantially in several respects from House Bill 733.

House Bill 733 as presented to us is not unconstitutional as against the objections you have suggested.

## S U M M A R Y

House Bill 733 is not unconstitutional with respect to objections raised.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Bruce Youngblood